IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROLEX WATCH USA, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2867-L** |
| | § | |
| **ANATOLY ZOLOTUKHIN a/k/a** | § | |
| **Anatoly Zolotukhina,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Defendant Anatoly Zolotukhin's ("Defendant" or "Zolotukhin") Motion to Set Aside Clerk's Entry of Default Judgment,* filed November 5, 2014. After careful consideration of the motion, response, appendix, record, and applicable law, the court **denies** the Motion to Set Aside Clerk's Entry of Default.

**I.    Background**

Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff") filed this action against Zolotukhin on August 10, 2014, asserting claims for trademark counterfeiting and trademark infringement pursuant to 15 U.S.C. § 1114. Rolex sues Defendant as a result of his "sale, offers for sale, distribution, promotion, and advertisement of merchandise bearing counterfeits and infringements of Rolex's federally registered trademarks." Pl.'s Compl. 1. It seeks injunctive relief, statutory damages, treble damages or profits, compensatory damages, attorney's fees, costs and expenses incurred as a result of Defendant's alleged violations, and prejudgment and postjudgment interest.

---

* Defendant characterizes his motion as one to set aside default judgment; however, the clerk of court entered a default against Defendant, not a default judgment. The court, therefore, treats the motion as one to set aside the clerk's entry of default.

**Memorandum Opinion and Order – Page 1**

Defendant was served with a copy of the Summons and Plaintiff's Complaint ("Complaint") on August 21, 2014.  Pursuant to Federal Rule of Civil Procedure 12, Defendant's answer was due on September 11, 2014, 21 days after service.  Defendant did not answer or otherwise respond to Plaintiff's Complaint by the deadline.  Correspondence took place between Plaintiff's counsel and Defendant's counsel regarding the past-due answer and an extension of time to answer Plaintiff's Complaint.  Defendant was given an extension of one week; however, no answer was filed.  The clerk of court entered a default against Defendant on September 26, 2014.  Defendant's counsel was informed on October 8, 2015, that an entry of default was entered against Defendant.

On October 27, 2014, Plaintiff moved for entry of default judgment against Defendant because he had not answered or otherwise responded to the Complaint.  In response to the motion, Defendant filed a motion to set aside the entry of default.

**II.     Discussion**

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id.* at 292 (citation and quotation marks omitted). A court also considers whether the defaulting party "acted expeditiously" to cure the default. *Id.* (citation omitted). If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond—such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992).

Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d at 292 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party.") (internal quotations and citations omitted).

Zolotukhin's motion does not address any of the four factors that a court considers when determining whether to set aside a default. He makes no attempt to show the court why good cause exists to set aside the entry of default. Defendant provides no evidence to show that his conduct was not willful. The record shows that, despite warnings and an extension of time to answer or respond, Defendant failed to answer. The court considers this an intentional failure to answer or respond, especially in light of Defendant's lack of an explanation for not answering after he had been informed that no answer had been filed and after being given an extension of time to file an answer. Based on Defendant's repeated inaction and indifference, the court can only conclude that Defendant's failure to answer was intentional. Moreover, the record does not show that Defendant acted expeditiously to cure the default.

With respect to whether setting aside the default will prejudice it, Rolex argues that it will incur additional attorney's fees and costs if the entry of default is set aside and that if the litigation becomes protracted, Defendant has more opportunity to dissipate, hide, or move assets that could

otherwise be used to satisfy damages suffered by Rolex.  The court acknowledges that Rolex could suffer prejudice; this factor, however, does not lean in Rolex's favor as much as the other three factors do.  This is so because Rolex is not hindered in presenting its claims for resolution.

Finally, Zolotukhin provides no evidence that he has a meritorious defense to the claims in the Complaint.  From a legal and practical standpoint, it is essentially nonsensical for a party to proceed to trial if that a party cannot mount a meritorious defense to the claims asserted.

After considering the four factors, the court concludes that three weigh strongly in favor of Rolex.  The prejudice factor at best is neutral.  In light of the overwhelming strength of the other three factors, the court concludes that the entry of default should not be set aside and will deny Defendant's Motion to Set Aside Entry of Default.

### III. Conclusion

For the reasons herein stated, Defendant fails to show that good cause exists to set aside the clerk's entry of default.  Accordingly, the court **denies** Defendant's Motion to Set Aside Clerk's Entry of Default.

**It is so ordered** this 30th day of September, 2015.

Sam A. Lindsay
United States District Judge