IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROLEX WATCH U.S.A., INC.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v.  § | Civil Action No. **3:14-CV-2867-L** | |
| § | | |
| **ANATOLY ZOLOTUKHIN a/k/a** § | | |
| **ANATOLY ZOLOTUKHINA,** § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Entry of a Final Judgment and Permanent Injunction by Default against Defendant Anatoly Zolotukhin (Doc. No. 10), filed October 27, 2014. The court, having considered the motion, the declarations and other evidence submitted in support of the motion, and the other pleadings and papers on file in this case, **grants** Plaintiff's Motion for Entry of a Final Judgment and Permanent Injunction by Default against Defendant Anatoly Zolotukhin.

   A.  **Findings of Fact**

   1.  Plaintiff Rolex Watch U.S.A., Inc. ("Plaintiff" or "Rolex") owns numerous trademarks, including without limitation, the trademarks and trade names ROLEX, PRESIDENT, CROWN DEVICE (design), DATEJUST, GMT-MASTER, DAY-DATE, OYSTER, OYSTER PERPETUAL, YACHT-MASTER, SUBMARINER, ROLEX DAYTONA and DAYTONA on and in connection with watches, watch bracelets and related products (hereinafter referred to as the "Rolex Registered Trademarks").

2.     Rolex is the owner of, among others, the following federal trademark registrations, which are registered in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ♕ **CROWN DEVICE** | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| **DATEJUST** | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| **DAY-DATE** | 831,652 | 7/4/67 | Wrist watches. |
| **DAYTONA** | 2,331,145 | 3/21/00 | Watches. |
| **EXPLORER** | 2,518,894 | 12/18/01 | Watches. |
| **EXPLORER II** | 2,445,357 | 4/24/01 | Watches. |
| **GMT-MASTER** | 683,249 | 8/11/59 | Watches. |
| **GMT-MASTER II** | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| **OYSTER** | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| **OYSTER PERPETUAL** | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| **PRESIDENT** | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| **ROLEX** | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| **ROLEX DAYTONA** | 1,960,768 | 3/5/96 | Watches. |
| **ROLEX DEEP SEA** | 3,703,603 | 10/27/09 | Watches. |
| **SEA-DWELLER** | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| **SUBMARINER** | 1,782,604 | 7/20/93 | Watches. |
| **TURN-O-GRAPH** | 2,950,028 | 5/10/05 | Watches and parts thereof. |
| **YACHT-MASTER** | 1,749,374 | 1/26/93 | Watches. |

3.     Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high-quality Rolex watches, watch bracelets and related products for men and women.

4.     Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks.

**Memorandum Opinion and Order – Page 2**

5. Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks.

6. Rolex has used the Rolex Registered Trademarks in the United States and in interstate commerce for many years, and long before Defendant began selling and offering for sale watches bearing counterfeits and infringements of the Rolex Registered Trademarks.

7. The Rolex Registered Trademarks have achieved secondary meaning as identifiers of Rolex's high-quality watches and other products.

8. Rolex has never abandoned the Rolex Registered Trademarks, nor authorized Defendant to use the Rolex Registered Trademarks for any purpose.

9. Defendant placed classified advertisements on the website, www.craigslist.org, in which he advertised for sale watches bearing counterfeits and infringements of the Rolex Registered Trademarks. Defendant advertised these watches as the "best quality Reps you will find in Dallas," and he listed them for sale in the price range of $300-$750, which is far below the retail price of genuine Rolex watches.

10. On or about June 12, 2014, Defendant offered to sell agents from the Dallas County District Attorney's Office ("DCDA") three watches bearing counterfeits and infringements of the Rolex Registered Trademarks. At this time, the DCDA arrested Defendant and seized an additional four counterfeit Rolex watches at his residence and his car for a total of seven counterfeit Rolex watches.

11. By selling and offering for sale goods bearing counterfeits and infringements of the Rolex Registered Trademarks, Defendant is likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade that there is a connection or association between the Defendant's counterfeit Rolex merchandise and Rolex when, in fact, there is not.

12. At all times relevant to this action, Defendant had full knowledge of Rolex's ownership of the Rolex Registered Trademarks, including its exclusive right to use such intellectual property and the goodwill associated therewith.

13. Defendant has been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for his own financial gain.

14. On August 10, 2014, Rolex filed this action against Defendant for both trademark counterfeiting and trademark infringement in violation of 15 U.S.C. § 1114.

15. On August 21, 2014, Defendant was duly served with, among other documents, the Summons and Complaint in this action.

16. Defendant failed to timely enter an appearance in this case or otherwise file an answer or other response to Plaintiff's Complaint, as required by law. Accordingly, following Rolex's request for entry of a default against Defendant (Doc. No. 8), the clerk of the court entered a default against Defendant on September 26, 2014 (Doc. No. 9).

17. Defendant is neither an infant, an incompetent person, nor actively serving in the United States military.

18. The court finds that Defendant engaged in the illegal counterfeiting and infringement of the Rolex Registered Trademarks intentionally, knowingly, maliciously, and willfully.

19. A determination of Defendant's actual profits and the actual damage to Rolex in this case is impossible to compute.

20. Rolex elected to recovery statutory damages for its trademark counterfeiting claims pursuant to 15 U.S.C. §1117(c).

21.     The court finds that a statutory damage award in the amount of $50,000 for each of the ten (10) Rolex Registered Trademarks that Defendant willfully counterfeited, for a total award of $500,000, is reasonable under the facts presented in this case to fairly achieve the statutory goals of compensating Rolex, punishing Defendant, and deterring Defendant and others who sell or may sell counterfeit merchandise from doing so in the future.

22.     The court finds that this is an exceptional case under 15 U.S.C. § 1117(a), and that no "extenuating circumstances" exist as that term is used under 15 U.S.C. § 1117(b).

23.     Rolex has incurred reasonable attorney fees in the sum of $7,116, and reasonable costs in the sum of $477.03, in prosecuting its claims against Defendant.

24.     Rolex has no adequate remedy at law and will continue to suffer irreparable harm unless Defendant is permanently enjoined from infringing Plaintiff's Rolex Registered Trademarks.

25.     If any of these findings of fact are found to be conclusions of law, they shall be considered to have been included in the conclusions of law below.

### B.     Conclusions of Law

1.     This court has jurisdiction over the subject matter of this action.

2.     Venue is proper in the Northern District of Texas.

3.     Defendant is subject to the jurisdiction of this court.

4.     The Rolex Registered Trademarks are entitled to protection under federal trademark laws and the laws of the State of Texas.

5.     As a result of Defendant's default in this action, Defendant is deemed to have admitted the factual allegations in Plaintiff's Complaint ([Doc. No. 1), and conceded liability on all causes of action alleged in Plaintiff's Complaint.  As such, Defendant is liable to Rolex for

willful and malicious (1) federal trademark counterfeiting in violation of 15 U.S.C. § 1114; and (2) federal trademark infringement in violation of 15 U.S.C. § 1114.

6. 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000, nor more than $200,000 per counterfeit mark, per type of goods sold, offered for sale, or distributed, as the court deems just. In addition, if the ourt finds that the defendant's counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000 per infringement. 15 U.S.C. § 1117(c)(2).

7. The court has broad discretion to set an amount of statutory damages under the Lanham Act. *Dial One of the Mid-South, Inc. v. BellSouth Telecomms., Inc.*, 269 F.3d 523, 527 (5th Cir. 2001).

8. Statutory damages under 15 U.S.C. § 1117(c) are intended not just for compensation for losses, but also to punish and deter wrongful conduct.

9. "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117. Plaintiff is the prevailing party. A recent Supreme Court case interpreting the term "exceptional" in the Patent Act controls the court's analysis. *See Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). The court notes that the Patent Act contains an identical fee-shifting provision as the Lanham Act and permits district courts to award attorney's fees in exceptional cases. 35 U.S.C. § 285. A case is exceptional if it: [1] stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or [2] the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case

exercise of their discretion, considering the totality of the circumstances. *Octane Fitness*, 134 S. Ct. at 1751.

10.   Under 15 U.S.C. § 1117(b), a court "shall" award "a reasonable attorney's fee" if the defendant intentionally used the mark and knew that the mark was counterfeit, unless "extenuating circumstances" exist." *Rolex Watch USA, Inc. v. Meece,* 158 F.3d 816, 824 (5th Cir. 1998). "Extenuating circumstances" will rarely be found in cases where the defendant has trafficked in goods or services using a mark that he or she knows to be counterfeit. *See, e.g., Dunkin' Donuts, Inc.*, 1994 WL 93257, *2; *Rhino Membranes and Coatings Inc. v. Rhino Seamless Membrane System, Inc.*, Case No. 4:06-cv-2112, 2008 WL 4425583, at * 14 (S.D. Tex. Sept. 30 2008).

11.   Rolex is entitled to recover its reasonable attorney's fees incurred in prosecuting its claims against Defendant under both 15 U.S.C. § 1117(a) and (b). The court has reviewed the request for attorney's fees and determines that the amount of time expended by Plaintiff's counsel was reasonable and necessary to the successful prosecution of this action, and that the amount of fees requested, $7,116, is reasonable and, therefore, awards Plaintiff this amount.

12.   A plaintiff is entitled to recover its costs of action under 15 U.S.C. § 1117(a). This includes taxable costs such as filing fees, as well as out-of-pocket litigation costs such as photocopying, long distance telephone calls, service of process, and regular and express mail service, if such costs are necessary for the representation of the client.

13.   Rolex is entitled to recover its reasonable costs incurred in prosecuting its claims against Defendant, which the court determines to be $477.03.

14.   A plaintiff is entitled to a permanent injunction to prevent any future trademark infringement by a defendant pursuant to 15 U.S.C. § 1116. *See, e.g., Pebble Beach Co. v. Tour 18*

**Memorandum Opinion and Order – Page 7**

*I Ltd.*, 155 F.3d 526, 549-50 (5th Cir. 1998), *abrogated on other grounds*, *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23 (2001).

15.    Rolex is entitled to a permanent injunction to prevent any future trademark infringement by Defendant.

16.    If any of these conclusions of law are found to be findings of fact, they shall be considered to have been included in the findings of fact above.

Based upon the court's findings of fact and conclusions of law, it **grants** Plaintiff's Motion for Entry of a Final Judgment and Permanent Injunction by Default against Defendant Anatoly Zolotukhin and will enter judgment by separate document, as required pursuant to Federal Rule of Civil Procedure 58.  The judgment will award Plaintiff the relief herein set forth against Defendant.

**It is so ordered** this 31st day of March, 2016.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge