# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **ROLEX WATCH USA, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2867-L** |
| | § | |
| **ANATOLY ZOLOTUKHIN a/k/a** | § | |
| **Anatoly Zolotukhina,** | § | |
| | § | |
| Defendant. | § | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

The court issues this Final Judgment and Permanent Injunction pursuant to its Memorandum Opinion and Order issued earlier today. It is therefore **ordered**, **adjudged** and **decreed** as follows:

1. Defendant and his agents, servants, employees, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Final Judgment and Permanent Injunction ("Judgment") by personal service or otherwise, are hereby permanently restrained and enjoined from engaging in any of the following acts or omissions:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or services not authorized by Rolex;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, or Rolex's name, reputation or goodwill;

(c) using a false description or representation including words or other symbols tending to falsely describe or represent his unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d) further infringing or diluting the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for

sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e)   using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with, Rolex;

(f)   hosting, operating or engaging in the business of selling, any website or other enterprise, or having an account on or utilizing any social website platform in any way to and/or that offer(s) for sale any products bearing the Rolex Registered Trademarks;

(g)   using any email addresses to offer for sale any non-genuine products bearing counterfeits of the Rolex Registered Trademarks;

(h)   having any connection whatsoever with any web sites that offer for sale any merchandise bearing counterfeits of the Rolex Registered Trademarks;

(i)   secreting, destroying, altering, removing, or otherwise dealing with any unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of any unauthorized products which infringe the Rolex Registered Trademarks; and

(j)   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

2.   Rolex is entitled to and shall recover from Defendant (a) statutory damages in the sum of $500,000 under 15 U.S.C. § 1117(c); (b) reasonable attorney's fees in the sum of $7,116; and reasonable (c) costs in the sum of $477.03.

3.   Interest shall accrue on the total monetary amount of **$507,593.03** awarded in this Judgment at the rate of **.64** percent per annum, from the date of entry of this Judgment until it is paid in full.

**Final Judgment and Permanent Injunction – Page 2**

4. Since Defendant engaged in the illegal trademark counterfeiting and infringement of the Rolex Registered Trademarks knowingly, intentionally, willfully, and maliciously, the monetary amounts awarded in this Judgment constitute nondischargeable debts under 11 U.S.C. § 523(a)(6).

5. Rolex may serve Defendant with this Judgment or any motion to enforce it by sending a copy of the Judgment or motion by United States mail to Defendant's last known address: 18040 Midway Road, Apt. No. 269, Dallas, Texas 75287.

6. Within thirty days of service of this Judgment, Defendant shall file with the court and serve Rolex with a sworn statement setting forth in detail the manner and form in which he has complied with this Judgment, including its injunctive provisions.

7. To the extent that Defendant has any of the following items in his possession, custody or under his control, he shall deliver within thirty days of service of this Judgment such items to Rolex (c/o Gibney, Anthony & Flaherty, LLP, Attn: Mr. Michael Lee, 665 5th Avenue, New York, NY 10022) for destruction pursuant to 15 U.S.C. § 1118: (1) all unauthorized materials bearing any of the Rolex Registered Trademarks in association with unauthorized goods or services; and (2) the means for producing such unauthorized materials.

8. The court reserves and retains jurisdiction of the subject matter of this action and of the parties hereto for the purpose of enforcing the terms of this Judgment.

Signed this 31st day of March, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Final Judgment and Permanent Injunction – Page 3**